**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-3892 |
| Plaintiff - Appellee, | D.C. No.<br>3:18-cv-00570-HZ |
| v. | |
| SAMMY RASEMA YETISEN, AKA<br>Rasema Handanovic, AKA Zolja, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernández, District Judge, Presiding

Argued and Submitted July 11, 2025
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.**

Sammy Rasema Yetisen appeals the district court's grant of summary

judgment to the United States in this civil denaturalization proceeding. Yetisen

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

also appeals the district court's decision to admit the expert testimony of Dr. William Tomljanovich. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

1. We review for abuse of discretion a district court's decision to admit expert testimony. *BillFloat Inc. v. Collins Cash Inc.*, 105 F.4th 1269, 1275 (9th Cir. 2024). Here, the district court abused its discretion in admitting Dr. Tomljanovich's testimony because it failed to make an explicit reliability finding. *See United States v. Valencia-Lopez*, 971 F.3d 891, 900 (9th Cir. 2020) (explaining that while "qualifications and experience are relevant, and indeed necessary[,] . . . they cannot establish the reliability and thus the admissibility of the expert testimony at issue"). The district court's error was harmless, however, because the record demonstrates that Dr. Tomljanovich's testimony is both reliable and relevant.[1]

Dr. Tomljanovich is an expert in the history of the former Yugoslavia, its successor states, and the wars that followed the dissolution of Yugoslavia. He produced a report spanning over 100 pages using a variety of sources and his background knowledge of the topic. His report detailed the history of the region

---

[1] We also conclude that the district court's decision would have been the same absent Dr. Tomljanovich's testimony, but need not further discuss that issue as our conclusion that the testimony is relevant and reliable is sufficient for our harmless error analysis. *See United States v. Jimenez-Chaidez*, 96 F.4th 1257, 1269 (9th Cir. 2024).

dating back to the 1500s with a particular emphasis on the history of ethnic tensions in the region. He also explained the structure of the Army of the Republic of Bosnia and Herzegovina ("ABiH"), including its Zulfikar Unit, and based those explanations on his analysis of documentary evidence. Such context is relevant to the Trusina massacre. *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (per curiam) ("Relevancy simply requires that the evidence logically advance a material aspect of the party's case." (internal quotation marks omitted)). Dr. Tomljanovich also properly testified about the methodology used in his report. *See id.* at 1188–89 (noting that reliability "requires that the expert's testimony have a reliable basis in the knowledge and experience of the relevant discipline" (internal quotation marks omitted)).

2. We review de novo the district court's grant of summary judgment, "viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Schrader Cellars, LLC v. Roach*, 129 F.4th 1115, 1122 (9th Cir. 2025) (quoting *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1068 (9th Cir. 2021)). In a civil denaturalization proceeding, summary judgment is appropriate if "there is no genuine issue of material fact as to whether clear, unequivocal, and convincing evidence supports denaturalization." *United States v. Arango*, 670 F.3d 988, 992 (9th Cir. 2012).

We affirm the district court's grant of summary judgment to the United

States as to Counts 2 and 5.[2] A misrepresentation claim has four elements: (1) "the naturalized citizen must have misrepresented or concealed some fact," (2) "the misrepresentation or concealment must have been willful," (3) "the fact must have been material," and (4) "the naturalized citizen must have procured citizenship as a result of the misrepresentation or concealment." *Kungys v. United States*, 485 U.S. 759, 767 (1988). Here, Yetisen failed to disclose that she had served in the Zulfikar Unit on both her asylum application (Count 2) and her naturalization application (Count 5). There is no genuine dispute of material fact that Yetisen did so willfully. "[A]n intent to deceive is not required" and "knowledge of the falsity of a representation is sufficient." *Forbes v. INS*, 48 F.3d 439, 442 (9th Cir. 1995). Yetisen's failure to disclose her service was material because it had a "natural tendency to influence the decisions of" immigration officials. *Kungys*, 485 U.S. at 772. And Yetisen procured citizenship as a result of this concealment, as the record demonstrates that she would have been ineligible under the persecutor bar had she disclosed her service in the Zulfikar Unit. *See id.* at 767.

3. We review de novo the question whether an equitable defense "is a valid defense to the particular cause of action." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 834 (9th Cir. 2002). We review for abuse of discretion a district

---

[2] Because we affirm on Counts 2 and 5, we need not reach the district court's grant of summary judgment to the United States as to Counts 1 and 3.

court's application of laches. *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018).

Even assuming laches is an available defense in a civil denaturalization proceeding, the district court did not abuse its discretion in rejecting Yetisen's laches defense. "Laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense." *Costello v. United States*, 365 U.S. 265, 282 (1961). Yetisen cannot show a lack of diligence on the government's part. There is no evidence or testimony demonstrating that Yetisen ever disclosed her service in the Zulfikar Unit. The government did not learn of Yetisen's service in the Zulfikar Unit until March 2009. Yetisen was subsequently extradited to Bosnia in November 2011, sentenced to five and a half years in prison in April 2012, and returned to the United States after serving that sentence. The government initiated this action in April 2018, less than a year after Yetisen's return to the United States. Considering Yetisen's extradition to and prison sentence in Bosnia, a six-month delay after Yetisen returned to the United States hardly demonstrates a lack of diligence. *See United States v. Dang*, 488 F.3d 1135, 1144 (9th Cir. 2007) (noting that "most denaturalization proceedings are instituted beyond [a] five-year period").

**AFFIRMED.**

23-3892